Fecteau, J.
The plaintiffs, the Fire Chief and Building Inspector of the Town of Winchendon and the Town of Winchendon (collectively “Winchendon”), brought this action against the defendants, All-American Builders, Inc. (“All-American”) and its officers, George ]. Mizhir, Jr., Catherine D. Mizhir, and Joseph E. Mizhir, seeking to enforce, inter alia, the Winchendon Zoning By-laws and the Commonwealth’s Fire Prevention regulations and Public Safety regulations. The individual defendants now move, pursuant to Mass.R.Civ.P. 56, for summary judgment on the ground that officers of a corporation are not liable for wrongful acts committed by the corporation. The plaintiffs oppose the individual defendants’ cross-motion for summary judgment. After hearing and the Court’s consideration of the written submissions of the parties, the individual defendants’ cross-motion for summary judgment is ALLOWED.
Citing United States v. Normandy Nursing Home, Inc., 428 F.Sup. 421, 424 (D.Mass. 1977), the defendants maintain that they should not have been individually named in the plaintiffs’ complaint because “stockholders and officers of corporations are not generally held responsible for the liabilities of the corporation.” The defendant corporate officers cannot be held liable for the actions of the corporation simply by virtue of their positions as officers of the corporation, absent an attempt by the plaintiffs to invoke general principles of corporate law to pierce the corporate veil. See, e.g., Debreceni v. Bru-Jell Leasing Corp., 710 F.Sup. 15, 22 (D.Mass. 1989) (holding that employer’s principal could not be held liable for employer’s withdrawal liability unless corporate veil is pierced). The plaintiffs maintain, on the other hand, that given the close, family-held nature of All-American, it is proper and appropriate to identify and name corporate officers in a local regulatory enforcement action.
Here, however, where: (1) there is no intimation that the individual defendants are liable for the actions of the corporate defendant: (2) plaintiff has no intention of piercing the corporate veil; and (3) the plaintiff admitted during the hearing that plaintiffs’ case would not be prejudiced were the individual defendants to be removed from the case, the Court finds that the cor *175 poration, All-American, is the proper party to the instant suit.
ORDER
Accordingly, defendants’ cross-motion for summary judgment is ALLOWED and judgment shall enter removing the individually named officers of All-American, George J. Mizhir, Catherine D. Mizhir and Joseph E. Mizhir, as party defendants in the instant case. This Order in no way impacts plaintiffs action against the corporate defendant, All-American.